IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LIGHT TOWER RENTALS, INC., *et al.*,[1] | ) Case No. 16-34284 (DRJ) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |
| | ) (Emergency Hearing Requested) |

**DEBTORS' EMERGENCY MOTION FOR
ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO
FILE A CONSOLIDATED LIST OF CREDITORS IN
LIEU OF SUBMITTING A SEPARATE MAILING MATRIX
FOR EACH DEBTOR AND (II) EXTENDING THE TIME AND, UPON PLAN
CONFIRMATION, WAIVING THE REQUIREMENT TO FILE SCHEDULES
AND STATEMENTS OF FINANCIAL AFFAIRS AND GRANTING RELATED RELIEF**

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. A HEARING WILL BE HELD ON THIS MATTER FOR <u>SEPTEMBER 1, 2016</u> AT 3:00 P.M. (CT) BEFORE THE HONORABLE DAVID R. JONES, 515 RUSK STREET, COURTROOM 400, HOUSTON, TX, 77002.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Light Tower Rentals, Inc. (4893); LTR Holdco, Inc. (8813); LTR Shelters, Inc. (5396); and LTR Investco, Inc. (3819). The location of the Debtors' service address is: 2330 E. Interstate 20 S. Service Road, Odessa, Texas 79766.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**. In support of this Motion, the Debtors respectfully state as follows:

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

4. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no request for the appointment of a trustee or examiner has been made and no statutory committees have been appointed or designated.

5. Contemporaneously herewith, the Debtors filed a motion seeking the joint administration of their chapter 11 cases, for procedural purposes only, pursuant to Bankruptcy Rule 1015.

A.     **The Company's Organization**

6.     There are four Debtor entities: (i) LTR Investco, Inc. ("Investco"); (ii) LTR Holdco, Inc. ("Holdco"); (iii) Light Tower Rentals, Inc. ("LTR"); and (iv) LTR Shelters, Inc. ("Shelters"). Investco is the top-level holding company, and it directly owns 100% of Holdco. Holdco directly owns 100% of LTR, and LTR directly owns 100% of Shelters.

7.     The Debtors' only current operating company is LTR. Shelters was active until late 2014 but has not had any operations since then. LTR is also the primary obligor of the $330 million in aggregate principal amount of 8.125% secured notes (the "Old Notes"), which constitutes all of the Debtors' outstanding funded debt obligations. Holdco and Shelters (but not Investco) are guarantors of LTR's obligations under the 8.125% secured notes.

B.     **The Company's Business**

8.     The Debtors and their non-Debtor affiliates are a diversified specialty equipment rental and services company focused on the oil and gas sector. The Debtors offer a diverse portfolio of surface rental equipment that can provide customers with a specific product, or when combined with other products, a comprehensive wellsite rental solution. The Debtors' equipment rental fleet includes power generation units, fluid handling equipment, light towers, heaters, trailers and other equipment. The Debtors' current service operations include equipment delivery and set-up, fuel and trucking.

9.     Since 1994, the Debtors have expanded their product and service offerings and positioned themselves as a nationally recognized brand operating a well-maintained fleet of rental equipment in key U.S. oil and gas producing regions. The Debtors have a national network of facilities with a highly trained support staff. Each major branch location is staffed with mechanics, technicians, service staff, and field-level salespeople equipped to respond to customer requests in a timely manner.

10. The Debtors' major operating areas (basins) include the Permian, Eagle Ford, Bakken, Marcellus, Eaglebine / Eagle Ford East, Barnett, Fayetteville, Haynesville, Granite Wash and Woodford basin. The Permian basin, one of the highest-producing oil and gas regions in the United States, is the Debtors' largest revenue generating operating area with a favorable mix of equipment rental and service revenue from well drilling, completion, and production.

C. **Events Leading to Chapter 11**

11. Beginning in the fall of 2014, an unanticipated and prolonged decline in oil and natural gas commodity prices led exploration and production ("E&P") companies to reduce drilling and completion activity. This distress resulted in a rash of large E&P company chapter 11 filings, many of which have devolved into protracted and heavily-litigated proceedings. As service providers to upstream producers, the Debtors have experienced the reverberations of this economic turmoil, and the impact on the Debtors has been swift and dramatic.

12. Against this backdrop, the Debtors and their advisors worked diligently with primary stakeholders to achieve a consensual balance-sheet restructuring that right-sizes their capital structure, provides unsecured creditors and other classes with full recoveries, preserves jobs, and facilitates a prompt emergence from chapter 11. The Debtors entered into the Restructuring Support Agreement (the "RSA") with the vast majority of primary stakeholders, including (i) holders of more than 80% of the aggregate outstanding principal amount of the Old Notes, (ii) all of the holders of convertible Investco preferred stock, (iii) all of the holders of issued and outstanding Investco preferred stock, and (iv) approximately 90.1% of the holders of the issued and outstanding Investco common stock.

13. To implement the terms of the RSA, the Debtors commenced solicitation of a prepackaged chapter 11 plan (the "Plan") on August 22, 2016. Consummation of the restructuring contemplated by the RSA and Plan will deleverage the Debtors' balance sheet by

4

approximately 90 percent, leave general unsecured creditors unimpaired, and otherwise has support from nearly all of the Debtors' stakeholders.

14. Additional information regarding the Debtors and these chapter 11 cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these chapter 11 cases, is set forth in the *Declaration of Keith Muncy in Support of the Debtors Chapter 11 Petitions and First Day Motions* (the "Muncy Declaration"),[2] filed contemporaneously herewith and incorporated herein by reference.

## Relief Requested

15. The Debtors seek entry of an Order, substantially in the form attached hereto as **Exhibit A**: (a) authorizing the Debtors to file a consolidated list of creditors in lieu of separate mailing matrices for each Debtor; (b) extending the time for the Debtors to file schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements") by 31 days, to October 14, 2016, for a total of 45 days from the Petition Date (the "Deadline"), without prejudice to the Debtors' right to request additional extensions should it become necessary; (c) waiving the requirement that the Debtors file the Schedules and Statements if confirmation occurs on or before the Deadline with such waiver effective as of the date the order confirming the proposed chapter 11 plan is entered; and (d) granting related relief.

## Basis for Relief

### I. Filing a Consolidated List of Creditors in Lieu of Submitting a Separate Creditor Mailing Matrix for Each Debtor Is Warranted.

16. Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H." Fed. R. Bankr. P. 1007(a)(1). Although the list of creditors usually is filed on a debtor-by-debtor basis,

---

[2] Capitalized terms used but not otherwise defined herein are used as defined in the Muncy Declaration.

in a complex chapter 11 bankruptcy case involving more than one debtor, the debtors may file a consolidated creditor matrix.[3]

17. The Debtors submit that permitting them to maintain a single consolidated list of creditors, in lieu of filing a separate creditor matrix for each Debtor, is warranted. Maintaining a single consolidated list of creditors will benefit the Debtors and their estates by allowing the Debtors to more efficiently provide required notices to parties in interest and reduce the potential for duplicate mailings for creditors of more than one Debtor. Moreover, the requirement that each Debtor maintain a separate creditor matrix was implemented to provide parties with information that may be necessary in the event of conversion to chapter 7 liquidation. Because of the prepackaged nature of these chapter 11 cases and the Debtors' expectation that they will promptly emerge from bankruptcy, this concern is not implicated.

## II. An Extension of the Deadline to File the Schedules and Statements Is Warranted.

18. Section 521 of the Bankruptcy Code requires a debtor to file schedules and statements, unless the court orders otherwise. Furthermore, Bankruptcy Rule 1007 requires that a debtor file schedules and statements within 14 days of its petition date, unless the Court grants an extension of such time for "cause." Fed. R. Bankr. P. 1007(c) (permitting extension of time to file schedules and statements "on motion for cause shown").

19. The Court's grant of an extension of time to file the Schedules and Statements through and including the Deadline is necessary and appropriate under the circumstances of these prepackaged chapter 11 cases. First, the Debtors have many potential creditors, and the ordinary operation of the Debtors' businesses requires the Debtors to maintain voluminous books, records, and complex accounting systems. Accordingly, substantial time would be

---

[3] *See General Order in the Matter of Procedures for Complex Chapter 11 Cases*, Exhibit G, available at http://www.txs.uscourts.gov/sites/txs/files/tx_ch11_comp_rules.pdf.

6

required for the Debtors to complete the Schedules and Statements. Second, no party in interest will be prejudiced by the Court granting the Debtors' request for an extension through and including the Deadline. The RSA was executed prepetition by certain Noteholders holding approximately 80% of the Noteholder Claims in amount and certain Existing Equityholders holding approximately 100% of the Investco Convertible Preferred Interests, 100% of the Investco Preferred Interests, and 90.1% of the Investco Common Interests in amount. All holders of general unsecured claims are unimpaired under the Plan, and the Debtors have sought relief contemporaneously with this Motion to pay general unsecured claimants in full in the ordinary course of business. All other creditors are either unimpaired and presumed to accept the Plan or are impaired and deemed to reject the Plan and will not receive distributions on account of their prepetition claims or interests. Accordingly, "cause" exists under Bankruptcy Rule 1007 to grant the requested extension.

20.   Courts in this district have granted similar relief to that requested herein in a number of cases. *See, e.g.*, *In re Southcross Holdings, LP*, No. 16-20111 (MI) (Bankr. S.D. Tex. Mar. 29, 2016) (granting 31-day extension without prejudice to debtors' right to seek further extensions or waiver of the requirement); *In re Sherwin Alumina Co.*, 16-20012 (DRJ) (Bankr. S.D. Tex. Jan. 13, 2016) (granting 14-day extension); *In re BPZ Res., Inc.*, No. 15-60016 (DRJ) (Bankr. S.D. Tex. Mar. 10, 2015) (granting 30-day extension); *In re Buccaneer Res., LLC*, No. 14-60041 (DRJ) (Bankr. S.D. Tex. June 9, 2014) (granting 14-day extension); *In re Autoseis, Inc.*, No. 14-20130 (RSS) (Bankr. S.D. Tex. Mar. 27, 2014) (granting 46-day extension); *In re TMT USA Shipmanagement LLC*, No. 13-33763 (MI) (Bankr. S.D. Tex. June 27, 2013) (granting

30-day extension); *In re ATP Oil & Gas Corp.*, No. 12-36187 (MI) (Bankr. S.D. Tex. Aug. 21, 2012) (granting 30-day extension).[4]

### III. A Waiver of the Requirement to File the Schedules and Statements Is Warranted.

21.  Section 105(a) of the Bankruptcy Code, which codifies the equitable powers of the bankruptcy court, empowers courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." This section empowers courts to fashion orders that are necessary "to further the purpose of the substantive provisions of the Bankruptcy Code." *U.S. v. Sutton*, 786 F.2d 1305, 1307 (5th Cir. 1986). In light of the facts and circumstances surrounding these chapter 11 cases, the Court has authority, consistent with section 521(a) of the Bankruptcy Code, to grant the relief requested herein. *See In re Southcross Holdings, LP*, No. 16-20111 (MI) (Bankr. S.D. Tex. Mar. 29, 2016) (extending the deadline to file schedules and statements until after confirmation, at which point the requirement was waived); *In re Hawkeye Renewables, LLC*, No. 09-14461 (KJC), 2010 WL 2745975, at *24 (Bankr. D. Del. June 2, 2010) (granting debtor's motion for waiver, upon confirmation of the debtor's prepackaged chapter 11 plan, of requirement to file any list, schedule, or statement under section 521 of the Bankruptcy Code and Rule 1007); *Charles Russell LLP v. HSBC Bank USA, N.A. (In re Awal Bank, BSC)*, 455 B.R. 73 (Bankr. S.D.N.Y. 2011) (noting that courts often waive the disclosure requirements of section 521(a) where general unsecured creditors are generally unimpaired and creditors affected by the bankruptcy proceeding have already voted).

22.  A waiver of the requirement that the Debtors file the Schedules and Statements effective upon confirmation of the Plan, if confirmation occurs on or before the Deadline, is appropriate. As stated previously, the Debtors require time to prepare the Schedules and

---

[4]  Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

8

Statements. Indeed, the Debtors would expect to be in a position to file the Schedules and Statements at approximately the same time that the Debtors confirm the Plan and emerge from chapter 11. Furthermore, no party in interest would be prejudiced if the requirement that the Debtors file the Schedules and Statements were waived. Finally, preparing the Schedules and Statements would cause the Debtors to incur substantial expense and would burden the Debtors' employees at a time when such employees should be implementing or preparing to implement the restructuring.

23. Courts in this district and others have granted similar waivers in other prepackaged chapter 11 cases. *See, e.g.*, *In re Southcross Holdings, LP*, No. 16-20111 (MI) (Bankr. S.D. Tex. May 10, 2016) (extending the deadline to file schedules and statements until after confirmation, at which point the requirement was waived); *In re Davis Petroleum Corp.*, No. 06-20152 (Bankr. S.D. Tex. Mar. 10, 2006) (waiving the requirements of section 521 of the Bankruptcy Code and Bankruptcy Rule 1007 that the Debtors file a schedule of assets and liabilities and a statement of financial affairs); *In re Morris Publ'g Grp.*, No. 10-10134 (Bankr. S.D. Ga. Jan. 19, 2010) (same); *In re EveryWare Global, Inc.*, No. 15-10743 (LSS) (Bankr. D. Del. Apr. 9, 2015) (permanently waiving requirement to file schedules and statements upon confirmation of plan); *In re Unitek Global Servs., Inc.*, No. 14-12471 (PJW) (Bankr. D. Del. Nov. 4, 2014) (same); *In re ITR Concession Co., LLC*, No. 14-34284 (Bankr. N.D. Ill. Sept. 23, 2014) (same); *In re Sbarro, LLC*, No. 14-10557 (Bankr. S.D.N.Y. Mar. 13, 2014) (same); *In re The Newark Grp.*, No. 10-27694 (Bankr. D.N.J. June 10, 2010) (same).

**Emergency Consideration**

24. In accordance with Bankruptcy Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11

case "to the extent that relief is necessary to avoid immediate and irreparable harm." The Debtors believe that the relief requested in this Motion is critical to an immediate and orderly transition into chapter 11 that will preserve the value of the Debtors' estates and maintain the viability of the Debtors' operations. Moreover, without the Court granting this relief on an emergency basis, the deadline that the Debtors seek to extend will have passed before the Court's consideration of this Motion. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003, and therefore respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## Notice

25.     The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel for the Ad Hoc Committee, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Anup Sathy, P.C. and Ross M. Kwasteniet; (d) The Bank of New York Mellon Trust Company, N.A., as trustee and collateral agent under the 8.125% senior secured notes indenture and counsel thereto; (e) Jefferies Finance LLC, as administrative agent and collateral agent under the ABL Credit Agreement, (f) counsel to the holders of certain claims under the 8.125% senior secured notes indenture; (g) the United States Attorney's Office for the Southern District of Texas; (h) the Internal Revenue Service; (i) the Environmental Protection Agency; (j) the office of the attorneys general for the states in which the Debtors operate; (k) the Securities and Exchange Commission; (l) Frost Bank; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

26. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, PREMISES CONSIDERED, the Debtors respectfully request the Court enter the Order, granting the relief requested herein and such other relief to the Debtors as the Court deems just and proper.

Dated: August 31, 2016

Respectfully submitted,

**JACKSON WALKER LLP**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
(713) 752-4200 – main telephone
(713) 752-4221 – main facsimile

By: /s/ *Patricia B. Tomasco*
    Patricia B. Tomasco
    State Bar No. 01797600)
    (713) 752-4276 – direct dial
    Email: ptomasco@jw.com

    Matthew D. Cavenaugh
    State Bar No. 24062656
    (713) 752-4284 – direct dial
    Email: mcavenaugh@jw.com

    Jennifer F. Wertz
    State Bar No. 24072822
    100 Congress Avenue, Suite 1100
    Austin, Texas 78701
    (512) 236-2247 – direct dial
    Email: jwertz@jw.com

- and -

    Philip M. Abelson (*Pro Hac Vice* Pending)
    Ehud Barak (*Pro Hac Vice* Pending)
    **PROSKAUER ROSE LLP**
    Eleven Times Square
    New York, New York 10036
    Telephone: (212) 969-3000
    Facsimile: (212) 969-2900
    Email: pabelson@proskauer.com
    Email: ebarak@proskauer.com

**PROPOSED CO-COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION**

## **CERTIFICATE OF SERVICE**

   I certify that on the 31st day of August 2016, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

              */s/ Patricia B. Tomasco*
              Patricia B. Tomasco