## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| LIGHT TOWER RENTALS, INC., *et al.* | § | Case No. 16-34284 - DRJ |
| | § | |
| | § | |
| Debtors | § | |

### TEXAS COMPTROLLER OF PUBLIC ACCOUNTS OBJECTION TO CONFIRMATION OF THE JOINT PREPACKAGED CHAPTER 11 PLAN

The Texas Comptroller of Public Accounts ("Texas Comptroller"), through the Texas Attorney General's Office, objects to confirmation of the Debtors' Joint Prepackaged Chapter 11 Plan ("Plan").

### The Texas Comptroller's Claims

1.      The Texas Comptroller is owed a priority tax claim for payment of the Debtors' franchise taxes due for Report Year 2016, and thereafter. The Debtors' Report Year 2016 franchise tax return and payment are not due until November 15, 2016.

2.      In addition, the Debtors maintain numerous additional tax accounts with the Texas Comptroller including sales and use taxes, fuels taxes, IFTA taxes, motor vehicle sales taxes and various other tax accounts.

### Objections

A.  **Administrative Expense Taxes.**

3.      The Plan appears to provide that any administrative tax claims will be timely and fully paid in compliance with Texas tax laws, including the timely filing and payment of all required post-petition returns.

4.      The definition of "Allowed" in the Plan together with Article II.A(c) state that administrative claims incurred in the ordinary course of business will be paid according to the terms required in connection with the particular transaction involved. For the avoidance of doubt, the Texas Comptroller requests confirmation that this will be the treatment of any administrative tax claims that may arise in these cases.

5.      The Bankruptcy Code makes clear that the entire amount of any debts owed to the Texas Comptroller for post-petition tax debts, including all tax, interest and penalties accrued through the date of payment, will be paid in full in one lump sum when due without any requirement that the Texas Comptroller to file any claim or request for payment. 11 U.S.C.A. 503(b)(1)(B),(C) and (D). The Debtors and Reorganized Debtors should simply file and pay these returns on a timely basis as provided by Texas law in the ordinary course of business, and the Texas Comptroller should be allowed to take immediate enforcement action without further order of the Court in the event of a failure to do so.

**B.  <u>Priority Tax Claims.</u>**

6.      The Plan provides that priority tax claims will be paid in accordance with Section 1129(a)(9)(C) of the Bankruptcy Code. Plan Article II.D.

7.      Section 1129(a)(9)(c)(iii) requires that priority tax claims receive treatment "in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan…"

8.      The Plan creates Class 5 for General Unsecured Claims which are declared unimpaired and will be paid on the Effective Date or when due in the ordinary course of business. Plan Article III.A.5.

9.     Accordingly, for the avoidance of doubt, the Plan or Confirmation Order should make clear that priority tax claims will receive this same treatment pursuant to 11 U.S.C. § 1129(a)(9)(c)(iii).

**C.  Setoff Rights in Favor of the Debtors and Reorganized Debtors.**

10.     The Plan or Confirmation Order should make clear that no setoff rights in favor of the Debtors or Reorganized Debtors are created as against the Texas Comptroller. Obviously, as applied to taxing authorities, such a provision would render any voluntary reporting tax system, like the current system, unworkable. If any taxpayer could just say "I have a right of setoff" and refuse to pay taxes, the efficient and effective collection of taxes would become impossible.

11.     For these reasons, Texas state law specifically provides that taxpayers do not have any rights of setoff against the State. Texas Civil Practice and Remedies Code § 101.055(1). A refund claim is the exclusive method to obtain a refund of taxes. *Serna v. H.E. Butt Grocery Co.,* 21 S.W.3d 330, 335-336 (Tex.App.-San Antonio 1999).

**D.  Setoff and Recoupment Rights of the Texas Comptroller.**

12.     Article VI.F of the Plan, as well as the broad provisions contained in Article VIII of the Plan pertaining to discharge, releases exculpation, injunctions and recoupment, purport to impair the Comptroller's rights of setoff and recoupment.

13.     In particular, the Plan provides in two separate sections that setoff rights are cutoff and extinguished unless a motion to allow a setoff is filed before the Effective Date. Further, the Plan says that reserving setoff rights in a Proof of Claim is deemed ineffective.

14.     Section 553 does not create setoff rights in favor of a creditor but it does preserve those setoff rights that otherwise exist under applicable non-bankruptcy law.

Citizen's Bank of Maryland v. Strumpf, 516 U.S. 16, 20, 116 S.Ct. 286, 289, 133 L.Ed. 2d 258, 263 (1995). Those rights of setoff – their specific requirements, applicable doctrines and all aspects of the nature of a particular right of setoff, including the waiver of such a right – is determined by applicable non-bankruptcy law.

15.     Pursuant to 11 U.S.C. § 553, setoff rights survive bankruptcy and are not affected by other sections of the Bankruptcy Code, including § 1141.  IRS v. Luongo (In re Luongo), 259 F.3d 323 (5th Cir. 2001);   Carolco Television, Inc. v. National Broadcasting Co. (In re De Laurentis Entertainment Group, Inc.), 963 F.2d 1269, 1276-78 (9th Cir. 1992), cert. denied, 506 U.S. 918, 113 S. Ct. 330, 121 L.Ed.2d 249 (1992); Davidovich v. Welton (In re Davidovich), 901 F.2d 1533, 1537 (10th Cir. 1990); Pettibone Corp. v. United States (In re Pettibone Corp.), 151 B.R. 960, 964 (N.D. Ill. 1993);  Womack v. United States (In re Womack), 188 B.R. 259 (Bankr. E.D. Ark. 1995).

16.     Even in the Third Circuit, an objection to the impairment of setoff rights prior to confirmation is sufficient to preserve setoff rights, and even this is not required by Fifth Circuit law, which requires no action at all.  See, *United States of America v. Continental Airlines (In re Continental Airlines)*, 134 F.3d 536 (3d Cir. 1998), cert. denied, 525 U.S. 929, 119 S.Ct. 336, 142 L.Ed.2d 277 (1998) (emphasizing the importance of raising this issue prior to confirmation in order to avoid an adverse or unintended consequence); *In re Alta+Cast, LLC*, 2004 WL 484881 (Bankr. D. Del. 2004) (by raising an objection, a creditor preserves its setoff rights).

17.     These provisions are particularly unfair and unworkable when applied to taxing authorities. The Texas Comptroller may not become aware of a setoff right until

well after the bankruptcy case is concluded, particularly in the context of refund requests by the Reorganized Debtors made long after the Effective Date.

18.     Further, the Debtors know that the Texas Comptroller is holding a $290,000 extension payment in connection with their Report Year 2016 franchise tax return that is not due until November 15, 2016. Undoubtedly, the Debtors expect to pay only the amount reflected in their franchise tax return that exceeds the amount held by the Texas Comptroller, and that they desire and expect that this setoff will be allowed in the ordinary course of business.

19.     Accordingly, the Texas Comptroller objects to any impairment of its setoff or recoupment rights.

### E.   **Broad and Expansive Releases, Expulcations and Injunctions.**

20.     The Plan is filled with broad and expansive provisions in Article VIII concerning discharge, release, exculpation and injunctions, as well as other Plan provisions that affect the Texas Comptroller's rights against non-debtors.

21.     The Plan cannot expand these broad provisions to impair the Texas Comptroller's rights against non-debtor third parties. This is contrary to the discharge limitations set forth in 11 U.S.C. § 524(e). *In re Applewood Chair Co.*, 203 F.3d 914 (5th Cir. 2000); *Feld v Zale Corp. (In re Zale Corp.)*, 62 F.3d 746 (5th Cir. 1995).

22.     Furthermore, specific federal law prohibits such provisions in the context of state tax claims. Under the Tax Injunction Act, 28 U.S. C. § 1341:

> The District Courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

23.     The Texas Comptroller's administrative remedies and Texas state court remedies have repeatedly been held to satisfy the "plain, speedy and efficient remedy" standard of the Tax Injunction Act.  See <u>McQueen v. Bullock</u>, 907 F.2d 1544, 1549 (5th Cir. 1990), cert. den., 111 S. Ct. 1308 (1991), and cases cited therein.

24.     An attempt to prevent the Texas Comptroller from pursuing a non-debtor is in violation of the Tax Injunction Act. *McCrory Corp. v. Texas Comptroller of Public Accounts*, 212 B.R. 229, 231 S.D.N.Y. 1997). See, also, the following cases construing the similarly worded federal statute, the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a). *In re: LaSalle Rolling Mills, Inc.*, 832 F.2d 390 (7th Cir. 1987); *In re: American Bicycle Association*, 895 F.2d 1277 (9th Cir. 1990); *In re: Heritage Village Church and Missionary Fellowship, Inc.*, 851 F.2d 104 (4th Cir. 1988); *A to Z Welding & Mfg. Co. v. I.R.S.*, 803 F.2d 932 (8th Cir. 1986).

25.     The Bankruptcy Code does not confer jurisdiction to enjoin taxing authorities from pursuing non-debtor parties. *United States v. Prescription Home Health Care, Inc. (In re Prescription Home Health Care, Inc.)*, 316 F.3d 542 (5th Cir. 2002).

**F.  <u>Stamp Tax Exemption.</u>**

26.     Article IV.M of the Plan purports to incorporate Section 1146(a) of the Bankruptcy Code, but misstates the language of the Code, attempts to rewrite the Code and purports to create rights that do not exist in the Code.

27.     Section 1146(a) provides:  "The issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under a plan confirmed under section 1129 of this title, may not be taxed under any law imposing a stamp tax or similar tax."

28.     The language used in the Plan is vastly broader than what the Code provides and attempts to expand Section 1146(a) to types of transactions and types of fees and taxes not included within Section 1146(a). For example, the Plan purports to exempt all normal filing and recording fees that may be incurred.

29.     The Plan provision also starts by saying "to the fullest extent permitted…" This has no place in the implementation or interpretation of Section 1146(a) under Fifth Circuit law. It is either over-reaching, confusing or meaningless.

30.     The Debtors' should not be able to re-write the Bankruptcy Code to suit them by incorporating plan language that expands their rights beyond the language used in the Code.

### G. *Ipso Facto* Disallowance of Late Filed or Amended Claims.

31.     Notwithstanding the enormous amount of authority addressing the propriety of allowing late-filed claims, the authorities do not *ipso facto* disallow late filed or amended claims. But, that is what Article VII.A of this Plan says it will do.

32.     The Texas Comptroller, nor any other creditor, should be barred from amending claims or filing late claims in circumstances where the Courts have recognized such to be appropriate.  Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) (rule authorizing bankruptcy court to accept late filings where failure to act is result of "excusable neglect," contemplates that courts are permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond party's control). See, e.g., Industrial Commissioner of New York v. Schneider, 162 F.2d 847 (2d Cir. 1947); In re Telephone Company of Central Florida, 308 B.R. 579 (Bankr. M.D. Fla. 2004).

### H. "Deemed" Settlement and Compromise.

33.    Article IV.A of the Plan says that the Plan constitutes a settlement and compromise of all debts. There is clearly no settlement or compromise with the Texas Comptroller as contemplated by the Bankruptcy Code and Rules. The Texas Comptroller is simply attempting to protect the rights given to it by the Code, and is entitled to receive the treatment to which it is entitled by the Bankruptcy Code and Rules.

34.    The Plan or Confirmation Order should make clear that this provision does not apply to the Texas Comptroller.

### I. Document Retention.

35.    Article VIII.H of the Plan provides that the Reorganized Debtors may maintain or destroy documents in accordance with their document retention policies.

36.    Texas tax law specifies document retention requirements relating to taxes and other matters relating to the duties and responsibilities of the Texas Comptroller. The Plan cannot preempt State laws relating to document retention requirements.

37.    The Plan or Confirmation Order should make clear that all document retention requirements imposed by Texas law shall be and remain fully operative and shall not be altered or impaired.

### Conclusion

WHEREFORE, the Texas Comptroller respectfully requests the Court to deny confirmation and to provide such other and further relief to which the Comptroller may be entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

RONALD R. DEL VENTO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ Jay W. Hurst*
JAY W. HURST
Texas Bar No. 10315620
Southern District of Texas Bar No. 9022
Assistant Attorney General
Bankruptcy & Collections Division MC 008
P. O. Box 12548
Austin, TX 78711-2548
Telephone:  (512) 475-4861
Facsimile:  (512) 936-1409
Jay.Hurst@oag.texas.gov

ATTORNEYS FOR TEXAS
COMPTROLLER OF PUBLIC ACCOUNTS

## CERTIFICATE OF SERVICE

I certify that on September 21, 2016, a true copy of the foregoing was served by the method and to the following parties as indicated:

By First Class Mail:

Light Tower Rentals, Inc., *et al.*
Attn:  Keith Muncy
230 E. Interstate 20 S. Service Road
Odessa, TX 79766

Jackson Walker LLP
Attn:  Patricia B. Tomasco
        Matthew D. Cavenaugh
        Jennifer F. Wertz
1401 McKinney Street, Suite 1900
Houston, TX 77010

Proskauer Rose LLP
Attn:  Philip M. Abelson
        Ehud Barak
Eleven Times Square
New York, New York 10036

Kirkland & Ellis LLP
Attn:  Anup Sathy, P.C.
        Ross M. Kwasteniet
300 North LaSalle
Chicago, Illinois 60654

Office of the United States Trustee
For the Southern District of Texas
515 Rusk Street, Suite 3516
Houston, TX 77002

By Electronic Means as listed on the Court's ECF Noticing System:

- Matthew D Cavenaugh    mcavenaugh@jw.com, bhowell@jw.com
- Hector Duran    Hector.Duran.Jr@usdoj.gov
- Lee Gordon    kim.morriss@mvbalaw.com;sonya.ragsdale@mvbalaw.com
- Lloyd A. Lim    llim@reedsmith.com, SWalker@ReedSmith.com
- Stephen T. Schwarzbach    steve.schwarzbach@kirkland.com, rkwasteniet@kirkland.com
- Don Stecker    sanantonio.bankruptcy@lgbs.com
- Patricia Baron Tomasco    ptomasco@jw.com, kgradney@jw.com;bhowell@jw.com
- US Trustee    USTPRegion07.HU.ECF@USDOJ.GOV
- Jennifer F Wertz    jwertz@jw.com, kgradney@jw.com;ccthomas@jw.com

*/s/ Jay W. Hurst*
JAY W. HURST